## CAROLINE PERRY *vs.* HENRY F. HARRINGTON & another.

An acceptance of an order to pay $ 200 out of the first money of the drawer, received by the drawee on account of a newspaper establishment, binds the acceptor to pay from time to time, on reasonable request, as the money is received by him ; and a judgment recovered against him for a part of the sum, upon his refusing to pay it on request, is not a bar to a subsequent action for a further sum received by him after the commencement of the first action.

ASSUMPSIT on the following order accepted by the defendants : " Boston, April 8, 1837.   Messrs. Harrington & Co. Please pay Mrs. C. Perry two hundred dollars out of the first money belonging to me, which you may receive on account of the Eastern Star, and oblige your ob't serv't.   D. H. Creeig.'

This indorsement was on the order : "May 15th, received three dollars and seventy-five cents. C. Perry."

The parties submitted the case to the decision of the court on the statement that follows : " The Eastern Star was a newspaper which the defendants had purchased of Creeig, and the money was to be paid out of what they collected of subscribers and other debtors to the establishment. When they had collected $63·75, a demand was made on them, on behalf of the plaintiff, for the money they had collected. They refused to pay, and in June 1837, an action was brought by the plaintiff against them on this acceptance, alleging that they had collected one hundred dollars on account of the Eastern Star. The action was entered at the July term 1837 of the court of common pleas, when a trial was had, and a verdict rendered for the plaintiff for the sum of $60·39 damages, and judgment was thereupon rendered for that sum and costs.

" Since the former action was commenced, the defendants have collected from subscribers to the Eastern Star $136.25, which would make up the sum of $200. After they had collected this additional sum, viz. on the 1st of April, 1838, the plaintiff demanded of them payment of that sum, which they refused to pay. Whereupon this action was commenced.

" If the court shall be of opinion that this action can be maintained, judgment is to be rendered for the plaintiff for such sum as the court may adjudge, with costs ; otherwise, judgment is to be rendered for the defendants."

*Sewall*, for the plaintiff, cited *Badger v. T'itcomb*, 15 Pick. 409. *Butler v. Wright*, 20 Johns. 367. *Wright v. Butler*, 6 Wend. 284. 2 Wend. 369. *Pownal v. Ferrand*, 6 Barn. & Cres. 439. 2 Comyn Con. (1st ed.) 568.

*Harrington*, for the defendants, cited Bul. N. P. 168. Co. Lit. 47 *b*. 1 U. S. Digest, Actions, VIII.,

SHAW, C. J. The only question of importance in the present case is, whether the judgment formerly rendered for the plaintiff, on this same acceptance, is a bar to the present action. It is insisted that the acceptance is one single entire contract ;

and if it is so, it is clear that one judgment upon it is a bar to any other action.

Formerly it was held, that there could be but one action on one contract ; and where the contract was to pay by instalments, and an action was brought for breach of the contract, by the failure of payment of one instalment, it was a question whether the whole amount, including instalments not yet due, should be given in damages, or whether the plaintiff, if he thought fit to sue before all the instalments were due, must lose the amount of those not due. One or the other result seemed to be the necessary legal consequence of regarding the contract as single and entire.

But it has long been held, that in assumpsit, if the acts stipulated to be done, though all stipulated for by one contract, are several, an action will lie for each successive breach. This doctrine was considered and illustrated in a recent case ; and it is therefore not necessary to recapitulate the positions taken and the authorities cited. *Badger v. Titcomb*, 15 Pick. 409.

The question is, whether, by a fair construction, the acceptance in the present case is an undertaking to perform one duty at one time, and then to terminate ; or whether it is a stipulation to do more than one. It is an acceptance and undertaking to pay the plaintiff two hundred dollars out of the first money belonging to the drawer, which the acceptor should receive on account of the Eastern Star, a newspaper establishment, transferred by the drawer to the acceptors.

It is obviously a conditional undertaking. Was the whole obligation to be void, if the amount collected should not reach $ 200, and all right to demand any thing suspended, until the full sum should be received ? We cannot consider this the true meaning. It appears to us that the intention was, that the acceptors should pay to the amount of $ 200, if so much should be collected ; otherwise, such part of the sum as should be collected. This seems to have been the construction adopted by the acceptors, by their paying a part, and yielding to a judgment for a part. But if payment was not to be suspended until the full $ 200 should be collected, and as it might never be collect-

ed, then the conclusion of law must be that such part as should be collected should be paid in reasonable time, if requested. No other reasonable construction can be put upon it. It is a general rule, that when a duty is to be done, and no time fixed, it must be done in a reasonable time. Taking this legal conclu s'on, in connexion with the terms of the acceptance, it is an undertaking to pay out of a particular fund, from time to time as received, on reasonable request. The payment, therefore, of part of the amount does not bar the claim for the balance, when collected ; and we think the contract, being to pay from time on request, is a contract to be performed at different times, and therefore a judgment for one breach in not paying a part is not a bar to an action on another breach, in not paying on demand the balance admitted to have been collected. The court are therefore of opinion that the plaintiff, on the case stated, is entitled to recover judgment for the balance due on the acceptance.